# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 25-1632

———————————————

John Phillip Wright Dukeman, II

*Plaintiff - Appellee*

v.

Ste. Genevieve County; Genevieve County Sheriff's Department; Gary Stolzer; Richard Placke; Charles Ochs; Trevor Green

*Defendant*s

Dylon Wyatt

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

————————

Submitted: November 19, 2025
Filed: February 12, 2026

————————

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.

————————

ERICKSON, Circuit Judge.

John Phillip Wright Dukeman, II, commenced this action under 42 U.S.C. § 1983 against several Ste. Genevieve County sheriff's deputies and a Missouri

Highway Patrol trooper, alleging the officers used excessive force when a Ste. Genevieve County police canine was utilized to facilitate his arrest. Trooper Dylon Wyatt appeals the district court's interlocutory order denying his motion to dismiss based on qualified immunity. We have jurisdiction to review an interlocutory order denying qualified immunity to the extent the appeal turns on issues of law. Arnold v. McClinton, 112 F.4th 598, 601 (8th Cir. 2024). Reviewing the denial of qualified immunity *de novo*, we reverse and remand with instructions to dismiss the claims against Trooper Wyatt.

## I.    BACKGROUND

On November 8, 2020, Sergeant Charles Ochs and other Ste. Genevieve County sheriff's deputies pursued Dukeman for stealing a school bus, in violation of Mo. Rev. Stat. § 569.080.1(2).[1] Trooper Wyatt responded to assist the sheriff's deputies in their search for Dukeman. Officers eventually spotted Dukeman in a wooded area behind the house he shared with his mother in Bloomsdale, Missouri. To facilitate the arrest, Sergeant Ochs released Ares, his police canine, which bit Dukeman's right arm, right leg, and groin. Dukeman claims the officers acted in concert to violate his Fourth Amendment right to be free from excessive force.

In his petition, Dukeman repeatedly alleges that during his arrest the "Defendants" violated the Ste. Genevieve County Sheriff's Department's written guidelines for apprehension, use of force, and K-9 use ("County's Force Guidelines") as well as federal law. According to Dukeman, the officers collectively used excessive force when they acted recklessly in the deployment of Ares, failed to properly command and control Ares, failed to provide a clear audible warning announcing the use of a police canine, and failed to intervene and remove Ares once Dukeman surrendered. Dukeman's petition fails to identify any specific display of force used by Trooper Wyatt. Instead, Trooper Wyatt allegedly failed to intervene

---

[1]A jury acquitted Dukeman of tampering with a school bus and found him guilty of resisting arrest by flight.

to prevent other officers from a different agency from using excessive force, and he allegedly failed to command or "out" Ares once Dukeman surrendered.

The district court determined that Trooper Wyatt was not entitled to qualified immunity because it was clearly established that officers must provide an adequate canine warning and allow the suspect "an opportunity for peaceful surrender." Adams v. City of Cedar Rapids, 74 F.4th 935, 940 (8th Cir. 2023). The district court also found that, although the allegations were "relatively scant," they were sufficient at the initial review stage to state a failure-to-intervene claim against Trooper Wyatt. Trooper Wyatt invokes our limited jurisdiction to review the court's interlocutory order. See Faulk v. City of St. Louis, Mo., 30 F.4th 739, 742 (8th Cir. 2022).

## II.    DISCUSSION

At the motion to dismiss stage, an officer may be granted qualified immunity "only when the immunity is established on the face of the complaint." Carter v. Ludwick, 139 F.4th 982, 989 (8th Cir. 2025) (quoting Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995)). Once qualified immunity is asserted, the plaintiff bears the burden of demonstrating the law confirming his constitutional right was clearly established. Hanson, as Trustee for Layton v. Best, 915 F.3d 543, 548 (8th Cir. 2019). "This inquiry does not require a case directly on point, but existing precedent must have placed the constitutional question beyond debate." Carter, 139 F.4th at 990 (cleaned up).

A law enforcement officer may be held liable under § 1983 only for his own misconduct. See White v. Jackson, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation."). When multiple officers are named in an action, the district court must review each officer's actions separately. See Handt v. Lynch, 681 F.3d 939, 944 (8th Cir. 2012) (explaining the district court must engage in a fulsome qualified immunity analysis by examining the facts pertaining to each defendant for each alleged constitutional violation).

-3-

An officer who was not personally involved in the use of force is entitled to qualified immunity.  See Torres v. City of St. Louis, 39 F.4th 494, 504-05 (8th Cir. 2022) (concluding that two of the officers, while on scene, did not fire their weapon or use force against the plaintiff and were entitled to qualified immunity).  The district court erred when it found Dukeman's general allegations regarding the use of Ares were applicable to all officers, without reviewing the facts underlying each officer's conduct.  See Smith v. City of Minneapolis, 754 F.3d 541, 547-48 (8th Cir. 2014) (reiterating that an officer may be held liable only for his or use of excessive force); Handt, 681 F.3d at 944 (remanding for the district court to consider each officer's actions separately).

Dukeman acknowledges that Trooper Wyatt himself did not use any force.  In response to Trooper Wyatt's arguments regarding the insufficiency of Dukeman's group pleading, Dukeman asserts in his brief that Trooper Wyatt can be held liable as a participant in the unconstitutional conduct because he "could have intervened and restrained the K-9 and/or stopped the attack."  Dukeman's assertion is unsupported by any factual allegation and premised on mere speculation.  Further, the cases Dukeman relies on are inapposite.  Dukeman cites three Ninth Circuit cases: Mendoza v. Block, 27 F.3d 1357 (9th Cir. 1994); Watkins v. City of Oakland, Cal., 145 F.3d 1087 (9th Cir. 1998); and Miller v. Clark Cnty., 340 F.3d 959 (9th Cir. 2003).  None of these cases confront or address an officer's obligation to warn, command, intervene, or otherwise stop another officer's dog—let alone a different law enforcement agency's police canine—from biting a suspect.

 Similarly, Dukeman's reliance on this Court's decision in Adams, 74 F.4th 935, is unavailing.  The decision in Adams was issued after the events giving rise to Dukeman's arrest.  But, more importantly, while Adams confirmed that a canine handler is required to provide an adequate warning when searching with his police dog trained to bite and hold, Adams did not announce that the duty extended to all officers at the scene.  Ares was brought to the scene by his handler, Sergeant Ochs, an employee of the Ste. Genevieve County Sherriff's Department.  Trooper Wyatt, a highway patrolman, aided in the search for Dukeman.  Dukeman has not pointed

us to any authority establishing that an officer from a different law enforcement agency and without a police canine on scene should have understood that, as part of his role in assisting in a search for a suspect, he had a duty to intervene and issue a canine warning on behalf of the handler. Dukeman's collective allegation that all officers on scene used excessive force, without some showing that Trooper Wyatt used force and violated a clearly established right, is insufficient to satisfy his burden. Trooper Wyatt is entitled to qualified immunity on Dukeman's claim that he violated a clearly established right by not issuing a canine warning prior to the sheriff's deputy's decision to deploy his police canine.

Dukeman's claim that Trooper Wyatt had a duty to intervene to prevent injury suffers from the same shortcomings. To be liable, a police officer must have (1) "observed or had reason to know that excessive force would be or was being used," and (2) "had both the opportunity and the means to prevent the harm from occurring." Robinson v. Payton, 791 F.3d 824, 829 (8th Cir. 2015) (quoting Nance v. Sammis, 586 F.3d 604, 612 (8th Cir. 2009)). The duty to intervene must be clearly established in the specific context of the case. Id.

Dukeman insists that Trooper Wyatt should have issued verbal commands to control Ares or he should have physically attempted to stop and remove Ares. Dukeman does not allege that Trooper Wyatt had any specific knowledge or experience in handling a police canine. Nor has Dukeman pointed us to any factual allegation or authority demonstrating an officer with no known relationship to a police canine has a clearly established obligation to intercept the canine or physically remove the canine trained to bite and hold a suspect. Likewise, there is no allegation or indication that verbal commands from a non-deploying officer would have had any effect on Ares or otherwise mitigated the situation. Without some allegation or showing that Trooper Wyatt had the opportunity and the means to prevent Ares from harming Dukeman, Dukeman cannot satisfy his burden of showing the violation of a clearly established right.

An officer standing in Trooper Wyatt's position would not have been on notice that he was required to verbally command or physically attempt to intercept or remove a police canine belonging to another law enforcement agency or risk violating a suspect's constitutional rights. Without such a showing, Trooper Wyatt is entitled to qualified immunity on Dukeman's failure-to-intervene claim. See Robinson, 791 F.3d at 829 (stating the duty to intervene must be clearly established in the specific context of the case).

## III.  CONCLUSION

For the foregoing reasons, the district court's order denying qualified immunity to Trooper Wyatt is reversed, and the case is remanded with directions to dismiss the claims against Trooper Wyatt.

_____